UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LISA CONLEY,

        Plaintiff,       **Hon. Hugh B. Scott**

     v.           08CV820A

                **Report**
                **&**
UNITED STATES OF AMERICA,    **Recommendation**

        Defendant.

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) (Docket No. 4). The instant matter before the Court is defendant United States' ("United States") motion for summary judgment (Docket No. 25[1]) dismissing the Complaint because there is no triable issue of fact as to whether plaintiff Lisa Conley suffered a "serious injury" as defined by the no-fault provisions of New York State Insurance Law (id.) (or "No-Fault Law").

This case is in fact one of three arising from the same automobile accident involving these parties, see also Monroe v. United States, No. 08CV82A; Monroe v. Conley, No. 09CV354A[2]. In Monroe v. United States, the defendant and third-party plaintiff United States filed a similar summary judgment motion (No. 08CV82, Docket No. 36) seeking dismissal

---

[1] In support of its motion, the United States submits its Statement of Facts (with exhibits, Docket Nos. 26, 27), Docket No. 26; memorandum of law, Docket No. 28; and its Reply Memorandum, Docket No. 35. See also Docket No. 34, Order granting leave to file oversize Reply.
 In opposition, plaintiff submits her attorney's affirmation with exhibits, her affidavit, the affidavit of Dr. Scott Croce, Docket No. 30.

[2] Although dispositive motions were due in this case by April 29, 2010, Monroe v. Conley, No. 09CV354, Docket No. 8, no such motions were filed there.

of that Complaint because of the absence of a material issue of fact as to whether Conley sustained a "serious injury" under New York no-fault law. Both pending motions had identical briefing schedules, with responses due by May 28, 2010, replies initially were due by June 9, 2010, and motions deemed submitted (without oral argument) on June 9, 2010, Conley, No. 08CV820, Docket No. 29; see Monroe, No. 08CV82, Docket No. 37. Upon the United States' motion for an extension of time (Conley, No. 08CV820, Docket No. 31; Monroe, No. 08CV82, Docket No. 42), replies were due by June 23, 2010, and the motion was deemed submitted as of June 23, 2010 (Conley, No. 08CV820, Docket Nos. 32, 33; see also Monroe, 08CV82, Docket Nos. 43, 44).

## BACKGROUND

This case is a Federal Tort Claims Act case arising from an automobile accident in Buffalo, New York, on April 15, 2006. At 4:11 a.m. that day, Conley alleges that her car was struck by a United States Postal Service truck, injuring her and plaintiff Monroe. The accident occurred when the truck was turning left from northbound Fillmore Avenue in Buffalo on to Best Street when it struck the car Conley was driving and Monroe was a passenger. (Conley, No. 08CV820, Docket No. 1, Compl.; see Docket No. 26, Def. Statement ¶ 1.) The United States answered (Docket No. 2).

Disputed here (and in Monroe[3]) is whether plaintiff suffered a "serious injury" as defined in the New York Insurance Law §§ 5100, 5102(d). After summarizing plaintiff's medical record in its Statement (Docket No. 26, ¶¶ 2, 7-21) and noting that plaintiff has been awarded Social

---

[3] See Monroe, No. 08CV82, Docket Nos. 37 (United States' Statement of Facts), 41 (affidavit of plaintiff's counsel, Aff. of Dr. Julius Horvath, Aff. of Plaintiff), 46 (United States' Reply Memo.).

Security benefits effective April 6, 2004 (id. ¶ 6), the United States concludes that plaintiff has not suffered a "serious injury" under New York's No-Fault law (Docket No. 28, Def. Memo. at 11-22). The United States argues that, at most, plaintiff suffered mild cervical, thoracic, and lumbar sprains and injuries not actionable under the No-Fault Law. The United States contends that there was no objective medical proof that plaintiff suffered spinal disk herniation. (Id. at 2.) The United States noted plaintiff's prior medical conditions (Docket No. 26, Def. Statement ¶¶ 3, 7-10) including those from an 1995 automobile accident (Docket No. 28, Def. Memo. at 3) and a subsequent accident (Docket No. 26, Def. Statement ¶ 4; Docket No. 28, Def. Memo. at 4), while she complains of cervical, lumbar, and thoracic injuries and psychological injuries as a result of the April 2006 accident (Docket No. 26, Def. Statement ¶ 2). The United States contends that she takes Loritabs, muscle relaxers, and over-the-counter medication for her alleged pain but does not wear a neck or back brace (id. ¶ 21). The doctor who conducted the independent medical examination of plaintiff and reviewed her medical records, Dr. John Leddy, opined that plaintiff suffered mild sprains, with her subjective symptoms not correlating with her objective diagnostic studies and that there was "some evidence of symptom magnification" (Docket No. 27, Def. Appx., Ex. E, Leddy Aff. ¶ 24). Dr. Leddy concludes that she has recovered from her sprains and that there is no objective medical evidence of ongoing injury, symptoms, permanency, disability or limitation (id. ¶¶ 24, 25). Plaintiff worked as a bus driver at the time of the accident, continuing through May 4, 2006, when she was discharged following a background check (and unrelated to this accident or her claimed injuries) (Docket No. 28, Def. Memo. at 9). Plaintiff was last examined by her treating chiropractor on December 21, 2006, which the United States argues is at least three years old (Docket No. 35, Def. Reply Memo. at 11). In reply, the

United States claims that plaintiff's daily activities were not interrupted (id. at 5; Docket No. 26, Def. Statement ¶¶ 5, 16-18). The United States argues that she does not state that she stood or sat for prolonged periods of time prior to the accident (Docket No. 35, Def. Reply at 5).

Plaintiff responds that there are triable issues of fact whether she sustained a "serious injury," and whether she meets the statutory categories for "serious injury" under the no-fault law (Docket No. 30, Pl. Atty. Affirm. ¶¶ 6, 7). She complains of being unable to sit or stand for prolonged periods of time, difficulty sleeping, lifting, bending, performing household chores, or enjoying recreational activities (such as shopping) (Docket No. 30, Pl. Aff. ¶ 7) and complains of chronic and severe daily pain in her lower back which often moves down her legs (id. ¶ 8). Dr. Scott Croce, her treating chiropractor, concludes that plaintiff "suffered substantial and material traumatic injuries to her cervical and lumbar spine," restricting her use of her spine (Docket No. 30, Croce Aff. ¶ 17). Plaintiff lost range of motion between 12 percent in her cervical spine and 50 percent in her lumbar spine (id. ¶¶ 13, 6, 8, 9, 11), but most of her lost range of motion was between 6.6 percent and 16 percent. Her May 11, 2006, examination revealed her lumbar-dorsal region having a loss of range in motion of 50 percent (id. ¶ 8); an examination on July 13, 2006, reveals that her loss was only 33 per cent (id. ¶ 11).

## DISCUSSION

I.  Summary Judgment Standard

Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Ford v. Reynolds, 316 F.3d 351, 354 (2d Cir. 2003); Fed. R. Civ. P. 56(c). The party

4

seeking summary judgment has the burden to demonstrate that no genuine issue of material fact exists. In determining whether a genuine issue of material fact exists, a court must examine the evidence in the light most favorable to, and draw all inferences in favor of the non-movant. Ford, supra, 316 F.3d at 354. "A dispute regarding a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' " Lazard Freres & Co. v. Protective Life Ins. Co., 108 F.3d 1531, 1535 (2d Cir.) (quoting Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986)), cert. denied, 522 U.S. 864 (1997). While the moving party must demonstrate the absence of any genuine factual dispute, Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), the party against whom summary judgment is sought, however, "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (emphasis in original removed); McCarthy v. American Intern. Group, Inc., 283 F.3d 121, 124 (2d Cir. 2002); Marvel Characters v. Simon, 310 F.3d 280, 285-86 (2d Cir. 2002).

The Local Civil Rules of this Court require that movant and opponent each submit "a separate, short, and concise" statement of material facts, and if movant fails to submit such a statement it may be grounds for denying the motion, W.D.N.Y. Loc. Civ. R. 56.1(a), (b). The movant is to submit facts in which there is no genuine issue, id. R. 56.1(a), while the opponent submits a statement of material facts as to which it is contended that there exists a genuine issue to be tried, id. R. 56.1(b). "Each statement of material fact by a movant or opponent must be followed by citation to evidence which would be admissible, as required by Federal Rule of Civil Procedure 56(e)," with citations identifying "with specificity" the relevant page or paragraph of

5

the cited authority, id. R. 56.1(d). All material facts stated in movant's statement that are not controverted by opponent's counter-statement shall be deemed admitted, id. R. 56.1(c). The purpose of these statements, and the appendix of supporting evidence, id. R. 56.1(d), is to summarize and highlight for the Court the material factual issues, the authority in the evidentiary record for the purported facts, and whether the parties believe they are in dispute.

II.     Application–New York Insurance Law "Serious Injury"

In this Federal Tort Claims Act action, it is uncontested that New York substantive law is applicable because the law of the state where the accident occurred applies, Goodkin v. United States, 773 F.2d 19, 21 (2d Cir. 1985); Patrello v. United States, 757 F. Supp. 216, 218 (S.D.N.Y. 1991) (Docket No. 28, Def. Memo. at 9); see also Johnson v. The Bon-Ton Dep't Stores, No. 05CV170(Sc), Docket No. 55, 2006 U.S. Dist. LEXIS 75671, at *9-11 (W.D.N.Y. Oct. 16, 2006) (Scott, Mag. J.) (applying New York law to accident in this district involving New York plaintiff and Pennsylvania retailer defendant).

New York's No-Fault Law restricts recovery for personal injury arising in an accident, providing that "there shall be no right of recovery for non-economic loss, except in the case of a serious injury," N.Y. Ins. Law § 5104(a) (id.). Section 5102 of the New York Insurance Law defines a "serious injury" as

> a personal injury which results in death; dismemberment; significant disfigurement; a fracture; loss of a fetus; permanent loss of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment.

N.Y. Ins. Law § 5102(d). Whether plaintiff suffered a "serious injury" is a question of law for the Court to determine, Heisler v. MPT New York, Inc., No. 02CV351, 2003 U.S. Dist. LEXIS 25084, at *12 (W.D.N.Y. Dec. 22, 2003) (Elfvin, J.) (citing Licari v. Elliott, 57 N.Y.2d 230, 238, 455 N.Y.S.2d 570, 574-75 (1982)). Judge Elfvin noted in Heisler that

> "'[i]n order to be a significant limitation, the limitation must be something more than a 'minor, mild or slight limitation of use.'' Moreover, [plaintiffs'] 'subjective pain, standing alone without objective indicia, [cannot] constitute a significant limitation.' A finding of medical significance 'involves a comparative determination of the degree or qualitative nature of an injury based on the normal function, purpose and use of the body part.'"

Id. (footnotes and citations omitted). Under this law, defendant has the initial burden of establishing a prima facie case that plaintiff has not sustained any "serious injury" under Insurance Law §5104; once that burden is met, the burden shifts to the plaintiff to establish a prima facie case that she suffered a "serious injury," Heisler, supra, 2003 U.S. Dist. LEXIS 25084, at *5 n.8 (quoting Carter v. Geldis, No. 00CV7236, 2002 U.S. Dist. LEXIS 9791, at *18 (E.D.N.Y. Apr. 23, 2002) (following, in turn, Gaddy v. Eyler, 79 N.Y.2d 955, 956-57, 582 N.Y.S.2d 990, 991 (1992))); see Kearse v. New York City Transit Auth., 16 A.D.3d 45, 49-50, 789 N.Y.S.2d 281, 285-86 (2d Dep't 2005); see also Ciesiulka v. Rebovich, No. 08CV204(Sc), Docket No. 28, 2009 U.S. Dist. LEXIS 103656 (W.D.N.Y. Nov. 9, 2009) (Scott, Mag. J.) (Order granting defendants summary judgment).

Also, economic loss must exceed $50,000 in order for a plaintiff to recover under New York's No-Fault Law, see N.Y. Ins. Law § 5102(a).

III. Application

    A.    Economic Loss

Plaintiff is not claiming over $50,000 in economic loss arising from this accident (Docket No. 28, Def. Memo. at 10-11). Thus, in order to have her claim survive she needs to establish an issue of fact as to her non-economic loss.

    B.    Serious Injury

Plaintiff claims that she suffered a serious injury as a result of a non-permanent injury which prevents her from performing substantially all of the material acts which constitutes her usual and customary daily activities for not less than ninety days during the one hundred eighty days following the injury (also known as the "90/180-day category"); permanent consequential limitation of use of a body organ or member; and significant limitation of use of a body function. The United States argues that plaintiff has not presented objective medical evidence of ongoing symptoms, limitations, permanency, or disability and even raises a question of whether the 2006 accident caused all the ailments plaintiff now claims (Docket No. 28, Def. Memo. at 2; see Docket No. 35, Def. Reply Memo. at 11).

        1.    90/180-Day Category

For a serious injury under the 90/180-day category, the plaintiff must be prevented from performing substantially all of her usual and customary daily activities for 90 of the first 180 days after the accident, N.Y. Ins. Law § 5102. "Substantially all" under this category has been construed in New York courts as meaning "the person has been prevented from performing his usual activities to a great extent, rather than some slight curtailment," Thompson v. Abbasi,

15 A.D.3d 95, 100-01, 778 N.Y.S.2d 48, 53 (1st Dep't 2005); Licari, supra, 57 N.Y.2d at 236, 455 N.Y.S.2d at 573; Gualtieri v. Farina, 283 F. Supp. 2d 917, 924-25 (S.D.N.Y. 2003).

Here, plaintiff returned to work following the accident only to be let go on an unrelated basis. She continued to engage in her normal daily activities. Plaintiff has not shown that she has been prevented from performing substantially all of her daily activities to claim serious injuries under the 90/180-day category; thus, defendant United States' motion for summary judgment should be **granted** on this ground.

2. Consequential Limitation and Significant Limitation

For this category of "serious injury," a plaintiff has to show more than "mild, minor or slight limitation of use," Miki v. Shufelt, 285 A.D.2d 949, 728 N.Y.S.2d 816 (3d Dep't 2001), and mere allegations of pain or limited range of motion is not sufficient, see Gonzalez v. Green, 24 A.D.3d 939, 805 N.Y.S.2d 450 (3d Dep't 2005). For the "significant limitation" category, a plaintiff must prove that she suffered "something more than a minor limitation of use," Licari, supra, 57 N.Y.2d at 236, 455 N.Y.S.2d at 573.

The United States denies that plaintiff suffered permanent consequential limitation arising from this accident (Docket No. 28, Def. Memo. at 16-19; Docket No. 35, Def. Reply Memo. at 8, 9-10) and plaintiff has not met her burden of proving that her back and neck pain constitute "serious injuries" (Docket No. 28, Def. Memo. at 20).

In Heisler, Judge Elfvin considered a claim by plaintiff that she suffered a serious injury under the "significant limitation" prong, producing medical evidence from her doctors of her reduced range of motion, 2003 U.S. Dist. LEXIS 25084, at *11, 6-10. While noting that that plaintiff's "'subjective pain, standing alone without objective indicia, [cannot] constitute a

9

significant limitation,'" id. at *12 & n.19 (quoting Nasrallah v. Oliveiri Heilo De & Artichoke Cab Co., No. 96 Civ. 8727, 1998 U.S. Dist. LEXIS 4173, at *14 (S.D.N.Y. Apr. 2, 1998) (Sotomayor, D.J.)); Scheer v. Koubek, 70 N.Y.2d 678, 679, 518 N.Y.S.2d 788, 788 (1987)), Judge Elfvin found that plaintiff's decreased range of motion constitutes a "significant limitation" under New York law, Heisler, supra, 2003 U.S. Dist. LEXIS 25084, at *12 nn. 21, 22 (citing cases). The cases cited by Judge Elfvin denied summary judgment to defendants where plaintiffs provided objective medical proof of decreased ranges of motion similar to those claimed by plaintiff in this action, id. at *12 n. 21, citing, e.g., Zavialov v. Morgan, No. 96CV5705, 2000 U.S. Dist. LEXIS 1000 (E.D.N.Y. Jan. 13, 2000); Lopez v. Senatore, 65 N.Y.2d 1017, 1020, 494 N.Y.S.2d 101 (1985); Livai v. Amoroso, 239 A.D.2d 565, 565, 658 N.Y.S.2d 973 (1st Dep't 1997). The United States' objections here are based on its contentions that plaintiff's proof of significant limitation rely upon subjective complaints of pain that are insufficient and not supported by objective medical evidence and that the medical evidence produced is stale (Docket No. 35, Def. Reply at 11). The former contention is similar to the one raised unsuccessfully by the defendants in Heisler that that plaintiff's disc pathology was the same before and after the accident and plaintiff failed to provide objective proof of her claimed injuries, Heisler, supra, 2003 U.S. Dist. LEXIS 25084, at * 11. But, as in Heisler, id. at *12, plaintiff here has satisfied her burden of demonstrating that she suffered a serious injury because of the deficits in her range of motion constituting a significant limitation under the No-Fault statute. Therefore, defendant United States' motion for summary judgment on this ground should be **denied**.

## CONCLUSION

Based upon the above, it is recommended that defendant United States' motion for summary judgment (Docket No. 25) dismissing the Complaint against it be **granted in part (dismissing plaintiff's claim of serious injury under the 90/180-day category), and denied in part (regarding significant limitation)**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) (effective December 1, 2009) and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

                                                        /s/ Hugh B. Scott
                                                        Hon. Hugh B. Scott
                                                 United States Magistrate Judge

Dated: Buffalo, New York
       September 2, 2010